# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DETRIUS WADE, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 14-1073 |
| ) | Judge Cathy Bissoon/ |
| BRIAN V. COLEMAN *Superintendent*; ) | Magistrate Judge Maureen P. Kelly |
| STEVEN GATES *Deputy Superintendent* ) | |
| *for Facility Management*; JOHN DOE ) | |
| *Deputy Superintendent for Centralized* ) | |
| *Services,* ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA"), the instant Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

Detrius Wade ("Plaintiff") is currently incarcerated at the State Correctional Institution in Fayette ("SCI-Fayette"), serving a sentence of 8 to 25 years. Plaintiff apparently does not feel safe climbing into and out of the top bunk in his cell. He alleges that the three defendants named in his Complaint, all of whom work at SCI-Fayette, violated Plaintiff's rights under the Eighth Amendment cruel and unusual punishment clause. Plaintiff asserts that the Defendants were deliberately indifferent to his safety by requiring him to climb up to, and down from the top bunk without providing him a ladder to do so, and thereby violated his Eighth Amendment rights. Because we find that Plaintiff's Complaint alleges no more than mere negligence and negligence

is below the Constitutional threshold for stating a claim upon which relief can be granted, the Complaint should be dismissed prior to being served pursuant to the screening provisions of the PLRA.

### A. RELEVANT PROCEDURAL AND FACTUAL HISTORY

Proceeding *pro se* and *in forma pauperis* ("IFP"), Plaintiff, seeks to file a civil rights Complaint, naming three Defendants, all of whom work at SCI-Fayette. The full extent of Plaintiff's allegations in the Complaint is as follows:

> Superintendent Brian V. Coleman failed to provide adequate furniture for me to climb up and down from my bunkbed safely. Which breaches his duty of due care[.]
> Deputy Superintendent for Facility Management Steven Gate also Failed [sic] to provide adequate Furniture [sic] for me to climb up and down from my bunkbed safely. Which breaches his duty of due care.
> John Doe failed to provide adequate furniture for me to climb up and down from my bunkbed safely. Which breaches his/her duty of due care[.]

ECF No. 3, ¶ IV. C. Plaintiff alleges that the date of the event was on March 13, 2014. He further alleges that this violated the Eighth Amendment Cruel and Unusual Punishment clause. Id., ¶ III.[1]

---

[1] Plaintiff does also reference "Due Process." ECF No. 3 at ¶ III. However, we understand this reference to merely be an acknowledgement that the Eighth Amendment, as such, does not apply to state actors but rather the Eighth Amendment standards are made applicable to the States through the Fourteenth Amendment's due process clause. Technically, the Eighth Amendment applies to the states through the Fourteenth Amendment. See Estelle v. Gamble, 429 U.S. 97, 101-02 (1976) (citing Robinson v. California, 370 U.S. 660 (1962)). The standards of the Eighth Amendment barring the federal government from inflicting cruel and unusual punishments are the standards applicable to the States through incorporation by the Fourteenth Amendment's due process clause. See Sistrunk v. Lyons, 646 F.2d 64, 66-67 (3d Cir. 1981)(citing Robinson v. California). The standards under the Eighth Amendment and the standards under the Fourteenth Amendment are fundamentally identical. Furman v. Georgia, 408 U.S. 238, 422 n.4 (1972) (Blackmun, J., dissenting) ("the tests for applying these two provisions are fundamentally identical."); Berry v. City of Muskogee, 900 F.2d 1489, 1494 n.6 (10th Cir. 1990). However,

(. . . footnote continued)

## B. APPLICABLE LEGAL PRINCIPLES

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, and/or because Plaintiff is a prisoner suing about prison conditions, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A, ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

---

even if Plaintiff were attempting to make an independent claim under the substantive due process clause, asserting that the Defendants' actions were arbitrary and capricious, in addition to his Eighth Amendment standards claim of cruel and unusual punishment, such an independent substantive due process claim would be barred by the cases of Albright v. Oliver, 510 U.S. 266, 273 (1994) and Graham v. Connor, 490 U.S. 386 (1989). Both cases hold that where there is an explicit textual source and standard for constitutional protections against a specific factual situation, such as the Eighth Amendment standards, protecting against the infliction of cruel and unusual punishment, then that standard applies and supplants any other more amorphous standard under the Fourteenth Amendment's substantive due process clause.

relief against a defendant who is immune from such relief."); 42 U.S.C. § 1997e (permitting courts to screen complaints concerning "prison conditions").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915A and 1915(e) and 42 U.S.C. § 1997e, to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 795 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F.App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions."); Montanez v. Pa. Health Care Service Staffs, Civ.A. No. 09-1547, 2011 WL 7417026, at *2 (W.D. Pa. Dec. 14, 2011), *report adopted by*, 2012 WL 602938 (W.D. Pa. Nov. 23, 2012).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin,

4

Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

## C. DISCUSSION

### 1. Plaintiff Fails to State a Constitutional Claim.

This Court has no hesitancy in concluding that the allegations of the Complaint, at most, amount to allegations of negligence against the Defendants, not acts done intentionally or with deliberate indifference as is necessary for an Eighth Amendment claim. In order "[t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is *obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Wilson v. Seiter, 501 U.S. 294, 298-99 (1991) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)) (emphasis added by the Wilson Court). Allegations of negligence, such as those contained in Plaintiff's Complaint, are insufficient to state a constitutional claim. Daniels v. Williams, 474 U.S. 327, 333 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution"); Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992)("[L]iability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant,' and not on negligence."); Kwasnik v. LeBlon, 228 F. App'x 238, 244 (3d Cir. 2007) ("Liberally construing the Amended Complaint, as we must, we conclude that the allegations, and reasonable inferences drawn therefrom, at best, merely state a negligence claim. Negligence claims are not cognizable under § 1983.").

More specifically, an Eighth Amendment constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994) (citing Wilson v. Seiter, 501 U.S. 294 (1991)). Second, under a subjective standard, the court must determine that the prison official responsible for the deprivation was "deliberately indifferent" to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The United States Supreme Court has held that "deliberate indifference" occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Id. We find that the factual allegations of the Complaint at issue do not allege either the objective prong or the necessary obduracy and wantoness required for an Eighth Amendment claim and that the Complaint's "factual allegations [are not] . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true" within the contemplation of Twombly, 550 U.S. at 555.

We find the case of Franco-Calzada v. U.S., 375 F. App'x 217 (3d Cir. 2010) to be persuasive authority for dismissing Plaintiff's Complaint because it fails to state a constitutional claim of deliberate indifference.

In Franco-Calzada, a prisoner civil rights case, the prisoner slipped and fell from a ladder while attempting to climb up to his top bunk. As a consequence, the prisoner fractured his two fingers. The prisoner alleged that the ladder attached to his bunk bed was too small for an adult

7

and the faulty ladder caused his fall and caused injury to his fingers. The prisoner also alleged that at least two other inmates had experienced falls because of the ladder problem. The prisoner asserted that the defendants therein were deliberately indifferent to his safety.

The District Court in Franco-Calzada dismissed the complaint pre-service for failure to state a claim upon which relief could be granted. The prisoner appealed and the United States Court of Appeals for the Third Circuit dismissed the appeal as frivolous. In doing so, the Court of Appeals reasoned as follows:

> we conclude as a matter of law that Franco-Calzada's Complaint was correctly dismissed for failure to state a claim. There is nothing in the Complaint's specific allegations from which we can plausibly infer that the defendants were deliberately indifferent to Franco-Calzada's serious medical needs or to prison conditions pertaining to the use of an allegedly unsafe ladder in his cell. The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials. *See Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Likewise, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). . . . Here, the allegations contained in the Complaint, taken as true, assert a simple negligence claim at most, and thus, do not state a claim of a constitutional violation under the Eighth Amendment.

Id., 375 F. App'x at 220.

In fact, Plaintiff's case is even weaker than the Franco-Calzada case in at least one way insofar as the subjective component of the Eighth Amendment is concerned. In Franco-Calzada, the prisoner therein alleged that two other prisoners had previously been injured by the ladders. Hence, the defendants in Franco-Calzada must have had actual knowledge of the dangerousness of the ladders based upon the prior injuries, unlike here, where Plaintiff does not allege that any other prisoner had been previously injured by the lack of ladders to climb on the bunk bed. See e.g., Armstrong v. Terrebonne Parish Sheriff, No. 06–573, 2006 WL 1968887, at *1, 6 (E.D.La.

8

June 6, 2006) (holding that the U.S. Constitution does not require ladders for bunk beds, and that a swivel chair and table to step on provided "[a] reasonable means of getting into the top bunk, if the inmate would have taken reasonable care for his own safety"). See also Benson v. Cady, 761 F.2d 335, 240 (7th Cir. 1985) ("The question remains whether Benson has adequately alleged that defendants had reason to know of the danger, i.e., whether a high degree of danger would have been apparent to reasonable persons in defendants' positions. . . . In sum, we conclude that Benson, who has failed to allege that defendants knew or had reason to know of the risk posed by the defective bed and barbells, has failed to state a claim of deliberate indifference to his physical safety."), *overruling in part on other grounds recognized in*, Powers v. Snyder, No. 02-1372, 2009 WL 856160, at *4 (C.D.Ill. March 26, 2009).

Because Plaintiff's allegations fail to establish either the objective or subjective component of an Eighth Amendment claim but merely alleges, at most, negligence on the part of the Defendants, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. In addition, the Court concludes that amendment of the Complaint would be futile.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Complaint be dismissed pursuant to the screening provisions of the PLRA.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193

n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2

                                              Respectfully submitted,

                                              <u>s/Maureen P. Kelly</u>
                                              MAUREEN P. KELLY
                                              UNITED STATES MAGISTRATE JUDGE

Date:    September 24, 2014

cc:      The Honorable Cathy Bissoon
         United States District Judge

         Detrius Wade
         HZ-1342
         SCI Fayette
         P.O. Box 9999
         LaBelle, PA 15450-0999